3661/HD396 JPS/BSP

FILED-12
2008 JUN -6 PM 3: 06

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

ANTHONY AMATO,                              )
                                            )        FILED:    JUNE 6 , 2008
            *Plaintiff,*                     )
                                            )        08CV3298
vs.                                         )        JUDGE GRADY
                                            )        MAGISTRATE JUDGE NOLAN
HOME DEPOT USA, INC., a/k/a EXPO DESIGN      )   No.  NF
CENTER, a/k/a THE HOME DEPOT, a/k/a         )
CREATIVE TOUCH INTERIORS INC., a/k/a        )
THE HOME DEPOT SUPPLY BUILDER               )
SOLUTIONS, INC.,                            )
                                            )
            *Defendants.*                    )

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorney, JONATHAN

P. SCHAEFER of PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. 1332, 1441

and 1446, hereby provides notice of its removal of this cause pursuant to said statutes and for the

following reasons:

1.      On or about April 23, 2008, there was commenced and is now pending in the

Circuit Court of the Cook County, Illinois, a certain civil action under case #08 L 004411, in

which Anthony Amato is the Plaintiff, and Home Depot USA, Inc. is the Defendant.

2.      The aforementioned lawsuit is brought by the Plaintiff seeking damages for

personal injuries under a premises liability theory. The Plaintiff's Complaint merely prays for

damages "in amount in excess of Fifty Thousand Dollars ($50,000.00) the minimum

jurisdictional amount of this court", and the Plaintiff's attorney did not serve the Defendant with

a Rule 222 Affidavit verifying whether the damages sought exceeded $50,000.

3.    During the claims stage prior to filing of the state court Complaint, the Plaintiff's attorney had a telephone conversation on August 3, 2007 with a representative of the Defendant, during which the Defendant's representative was told that the Plaintiff had suffered a ruptured or torn Achilles tendon, and that the Plaintiff's specials (medical bills and wage loss claim) would exceed $100,000.00. In a telephone conference on June 6, 2008 with the Plaintiff's Attorney (Michael Goldberg), the undersigned counsel was advised by Mr. Goldberg that the Plaintiff had ruptured his Achilles tendon requiring surgery, that the Plaintiff was still in rehab therapy for the injury, and that the amount in controversy exceeded $75,000.00. Subject to the undersigned counsel's representation as to the Defendant's diversity of citizenship, the Plaintiff's counsel advised he had no objection to removal. (A copy of the undersigned counsel's letter confirming said conversation is attached hereto as Exhibit A.)

4.    Based on foregoing representations, the Defendant has a reasonable belief that the amount in controversy in this matter exceeds $75,000.00, exclusive of interests and costs. In an overabundance of caution, concurrently with the filing of this Notice of Removal, the undersigned counsel has propounded a Request to Admit upon the Plaintiff through its counsel of record (a copy of which with Proof of Service thereof is attached hereto as Exhibit B).

5.    The Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and the Defendant affirmatively states further:

(a)    Upon information and belief, Plaintiff was at the commencement of this action, and is now, a citizen of the State of Illinois, and is a resident of the State of Illinois, and is not a citizen of the State of Delaware or of the State of Georgia. Again, the undersigned counsel has propounded a Request to Admit upon the Plaintiff relative to this diversity issue (see Exhibit A);

2

(b)     The Defendant, HOME DEPOT USA, INC. is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

6.      This matter involves a controversy between an individual who is a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other than Illinois, and who has its principal place of business in a state other than Illinois, on the other hand.  Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.  Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

7.      This Notice of Removal is timely filed within thirty (30) days after the Defendant was served with the state court Summons and Complaint on May 7, 2008.

8.      Attached hereto and made a part hereof are copies of the following documents to be filed by the Plaintiff and the Defendant in the Circuit Court of the Cook County, Illinois under case #08 L 004411:

-       The Plaintiff's Complaint at Law;

-       The Plaintiff's Motion for Leave to Appoint Special Process Server, with Notice of Routine Motion;

-       Order Appointing Special Process Server;

-       Notice of Case Management Conference;

-       Defendant's Appearance and Jury Demand;

-       Defendant's Answer and Affirmative Defense;

-       Defendant's Interrogatories, Rule 214 Request, and Rule 237 Demand, all directed to the Plaintiff;

–   Defendants' Notice of Filing Re: Appearance and Jury Demand, Answer and Affirmative Defenses, Interrogatories, Rule 214 Request, and Rule 237 Demand;

–   Defendant's Notice of Filing Re: Notice of Removal.

To the Defendant's knowledge, no other documents, nor pleadings were filed in said lawsuit.

9.    Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto.  A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, Illinois – Law Division, as provided by law.

10.    With its appearance filed in the Circuit Court of Cook County, Illinois – Law Division, the Defendant demanded and paid the additional fee for a jury demand.  The Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of the within action from the Circuit Court of the Cook County, Illinois – Law Division, to the United States District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted,


By:    /s/ Jonathan P. Schaefer          
       Jonathan P. Schaefer


PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3661- Amato\Pleadings\NtcRemoval.doc

# PURCELL & WARDROPE
*Chartered*
*Attorneys at Law*

10 SOUTH LA SALLE STREET
SUITE 1200
CHICAGO, ILLINOIS 60603-1013
*Telephone*
(312) 427-3900
*Toll Free Number*
(866) 4 PURCELL
*Facsimile*
(312) 427-3944

www.purcellwardrope.com

JONATHAN P. SCHAEFER
jps@pw-law.com

June 6, 2008
*Via Facsimile and Regular Mail*

Michael J. Goldberg
**WHITING LAW GROUP, LTD.**
One East Wacker Drive – Suite 2300
Chicago, Illinois 60601

RE:   Anthony Amato v. The Home Depot USA, Inc.
Court No. 08 L 004411
D/A: 5/18/2008
Our File No.:  3661 JPS/BSP HD396

Dear Mr. Goldberg:

Under separate cover you will receive our appearance, jury demand, Answer and Affirmative Defenses and initial discovery requests filed in state court.

This will confirm that you advised me of the following in our call this morning:

- the Plaintiff suffered a rupture Achilles tendon in the subject accident, for which he was still receiving rehab therapy;

- he filed a workers compensation claim, which had not yet settled;

- the amount in controversy in this case exceeded $75,000.00; and,

- therefore, assuming diversity of citizenship, you had no objection to the Defendant removing this case.

Accordingly, under a different separate cover, you will receive our Notice of Removal to the United States District Court for the Northern District of Illinois, with our Request to Admit Facts to confirm diversity jurisdiction.

Sincerely,

Jonathan P. Schaefer

JPS/ajk
F:\JPS\3661- Amato\Correspondence\AP001.doc

EXHIBIT
A

3661/HD396 JPS/BSP

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

ANTHONY AMATO,                              )
                                            )
       *Plaintiff,*                       )
                                            )
vs.                                         )
                                            )        No.
HOME DEPOT USA, INC., a/k/a EXPO DESIGN     )
CENTER, a/k/a THE HOME DEPOT, a/k/a         )
CREATIVE TOUCH INTERIORS INC., a/k/a        )
THE HOME DEPOT SUPPLY BUILDER               )
SOLUTIONS, INC.,                            )
                                            )
       *Defendants.*                     )

### REQUEST TO ADMIT TO PLAINTIFF, ANTHONY AMATO

    NOW COME the Defendants, HOME DEPOT, USA, INC., by its attorneys, Jonathan P. Schaefer of PURCELL & WARDROPE CHTD., and hereby requests the plaintiff, ANTHONY AMATO, pursuant to FRCP 36, to admit or deny the following within 28 days hereof:

    1.    At the time of filing his Complaint on 4/23/08, the plaintiff, ANTHONY AMATO, was a resident of the State of Illinois.

    2.    At the time of filing his Complaint on 4/23/08, the plaintiff, ANTHONY AMATO, was <u>not</u> a resident of the State of Delaware or the State of Georgia.

    3.    The amount in controversy in this cause, including any and all claims of future damages, is in excess of $75,000, exclusive of an interest and/or costs.

                          Respectfully submitted,

                  By:     _____
                           Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3661- Amato\Discovery\Req2Admit.doc



EXHIBIT
B

3661/HD396 JPS/BSP                                                          Firm No. 08079

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY AMATO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| HOME DEPOT USA, INC., a/k/a EXPO DESIGN | ) | |
| CENTER, a/k/a THE HOME DEPOT, a/k/a | ) | |
| CREATIVE TOUCH INTERIORS INC., a/k/a | ) | |
| THE HOME DEPOT SUPPLY BUILDER | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

## PROOF OF SERVICE

I, Amy J. Kobel, hereby certify that the Attorneys of Record were served with copies of Defendant's *Request to Admit,* via facsimile and regular mail in an envelope properly sealed, and depositing in a US Postal Service depot located at 10 South LaSalle Street, Suite 1200, Chicago, IL 60603, on **June 6, 2008**, addressed to the following:

Michael J. Goldberg
**WHITING LAW GROUP, LTD**.
One East Wacker Drive – Suite 2300
Chicago, Illinois 60601

_____
Amy J. Kobel

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3661- Amato\Discovery\POS001.doc

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ANTHONY AMATO, | ) | |
| | ) | |
| Plaintiff, | ) | 2008L004411 |
| | ) | CALENDAR/ROOM A |
| vs. | ) No. | TIME 00:00 |
| | ) | Premises Liability |
| THE HOME DEPOT U.S.A, INC., a/k/a | ) | |
| EXPO DESIGN CENTER, a/k/a | ) | |
| THE HOME DEPOT, a/k/a | ) | |
| CREATIVE TOUCH INTERIORS INC., a/k/a | ) | |
| THE HOME DEPOT SUPPLY BUILDER | ) | |
| SOLUTIONS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANTHONY AMATO, by and through his attorneys, WHITING

LAW GROUP, LTD., and complaining of the Defendant, THE HOME DEPOT U.S.A, INC., a/k/a

EXPO DESIGN CENTER, a/k/a THE HOME DEPOT, a/k/a CREATIVE TOUCH INTERIORS INC.,

a/k/a THE HOME DEPOT SUPPLY BUILDER SOLUTIONS INC. (hereinafter referred to as

"HOME DEPOT"), states as follows:

1.      That on or about May 18, 2007, and at all times hereinafter mentioned, the Defendant,

HOME DEPOT, owned, managed, maintained, operated, and controlled a certain store at 2850 Patriot

Boulevard in the City of Glenview, County of Cook, State of Illinois.

2.      That on or about May 18, 2007, the Plaintiff, ANTHONY AMATO, entered the

aforementioned store as an employee of Allied Waste to dispose of HOME DEPOT's garbage and

other waste materials.

3.      That on or about May 18, 2007, while the Plaintiff, ANTHONY AMATO, was walking

towards HOME DEPOT's garbage chute, a number of HOME DEPOT's heavy-duty flatbed shopping

carts blocked ANTHONY AMATO's access to the garbage chute.

4.      That on the aforesaid date as ANTHONY AMATO continued to walk toward HOME

DEPOT's garbage chute, one of HOME DEPOT's heavy-duty flatbed shopping carts accelerated

towards ANTHONY AMATO, causing ANTHONY AMATO to take evasive action.

5.   That the Defendant, HOME DEPOT, had actual and constructive notice of the aforesaid heavy-duty flatbed shopping carts that blocked ANTHONY AMATO's ability to safely access HOME DEPOT'S garbage chute for a significant period of time prior to Plaintiff's fall.

6.   That at all times mentioned herein, the Plaintiff, ANTHONY AMATO, was legally and lawfully in and upon said area and was in the exercise of ordinary care for his own safety.

7.   That at all times mentioned herein, it then and there became and was the duty of the Defendant, HOME DEPOT, its agents, servants, and/or employees, prior to and at the time of the occurrence to exercise reasonable care and caution in and about the ownership, management, maintenance, operation, performance, control and possession of their store so that HOME DEPOT's heavy-duty flatbed shopping carts did not block the access to its garbage chutes to ensure that the access to its garbage would be in good, safe and proper condition for persons legally and lawfully upon said premises to use and walk upon so as not to cause harm and injury to such persons, in particular, the Plaintiff.

8.   That notwithstanding the aforesaid duty, the Defendant, HOME DEPOT, by and through its respective agents, servants and employees in the course and scope of their agency, servitude and/or employment, prior to and at the time of this occurrence, acted or failed to act in one or more of the following ways:

    (a)   Failed to maintain the store premises, including but not limited to the access-ways to the garbage chutes, in a reasonable, safe and proper condition, free of moving and stationary heavy-duty flatbed shopping carts;

    (b)   Allowed and/or permitted multiple heavy-duty flatbed shopping carts to block the access-way to its garbage chute and remain in the store's common area often traversed by individuals such as the Plaintiff which was used as a means of ingress and egress to the garbage chute when they should have known that such heavy-duty carts would become a dangerous condition;

    (c)   Failed to properly warn, inform, mark, and/or advise those lawfully on the premises, and particularly the Plaintiff, of the existence of the moving heavy duty flatbed shopping carts that existed in the store's premises in a common area;

    (d)   Failed to use reasonable care in the inspection and maintenance of the heavy-duty flatbed shopping carts left in a common area causing a dangerous

condition;

(f)     Failed to remove the heavy-duty flatbed shopping carts from the access-way to the garbage chute so those lawfully on the premises, and particularly the Plaintiff, would not encounter the dangerous condition of moving heavy-duty flatbed shopping carts; and

(g)     Was otherwise careless and negligent in the maintenance, ownership, operation, management and possession of the aforesaid access-way and store.

9.      That as a direct and proximate result of the aforesaid careless and negligent conduct on the part of the Defendant, HOME DEPOT, the Plaintiff, ANTHONY AMATO, was caused to take evasive action from the accelerating heavy-duty flatbed shopping cart that existed in the access-way to HOME DEPOT's garbage chute that was in a common area of the store, thereby sustaining severe and permanent injuries, and further, has incurred extensive medical costs and procedures in endeavoring to be cured and healed of said injuries, and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, the Plaintiff, ANTHONY AMATO, has and will be hindered and prevented from attending to his usual, normal customary occupation and affairs of life and has lost, and will lose, the value of that time as aforementioned and will also continue to sustain significant pain, suffering and disability.

WHEREFORE, the Plaintiff, ANTHONY AMATO, respectfully requests judgment against the Defendant, HOME DEPOT, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimum jurisdictional amount of this Court, and any and all other relief this Court deems appropriate.

WHITING LAW GROUP, LTD.

By:     _____

Michael J. Goldberg
One of the Attorneys for Plaintiff,
ANTHONY AMATO

WHITING LAW GROUP, LTD.
One East Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 372-1655 (phone)
FIRM ID: 37395

3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANTHONY AMATO,                              )
                                           )
                Plaintiff,                 )
                                           )
        vs.                                )    No.
                                           )
THE HOME DEPOT U.S.A, INC., a/k/a          )
EXPO DESIGN CENTER, a/k/a                   )
THE HOME DEPOT, a/k/a                       )
CREATIVE TOUCH INTERIORS INC., a/k/a       )
THE HOME DEPOT SUPPLY BUILDER              )
SOLUTIONS INC.,                            )
                                           )
                Defendant.                 )

2008L004411
CALENDAR/ROOM A
TIME 00:00
Premises Liability

**PLEASE SERVE:**
Illinois Corporation Service C
**Registered Agent for**
HOME DEPOT U.S.A., Inc.
801 Adlai Stevenson Drive
Springfield, IL 62703

## SUMMONS

**YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

APR 28 2008

WITNESS,.............................., 2008.

.............................................
Clerk of Court

Date of service:.............................
(To be inserted by officer on copy left
with defendant or other person)

Michael J. Goldberg
WHITING LAW GROUP, LTD.
One East Wacker Drive
Suite 2300
Chicago, IL 60601
(312) 372-1655
Firm I.D. 37395

**DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801                    Chancery-Divorce Room 802
County Division Room 801                  Probate Division Room 1202

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANTHONY AMATO,                          )
                                         )
                  Plaintiff,             )
                                         )
        vs.                              )    No.    08 L 4411
                                         )
THE HOME DEPOT U.S.A, INC., a/k/a        )    Calendar 'A'
EXPO DESIGN CENTER, a/k/a                )
THE HOME DEPOT, a/k/a                    )
CREATIVE TOUCH INTERIORS INC., a/k/a     )
THE HOME DEPOT SUPPLY BUILDER            )
SOLUTIONS INC.,                          )
                                         )
                  Defendant.             )

FILED
Law Div.- 2202
APR 30 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## MOTION FOR LEAVE TO
## APPOINT SPECIAL PROCESS SERVER

NOW COMES the Plaintiff, ANTHONY AMATO, by and through his attorneys, WHITING LAW GROUP, LTD., and move this Honorable Court to appoint a Special Process Server to effectuate service on Defendant, THE HOME DEPOT U.S.A, INC., a/k/a EXPO DESIGN CENTER, a/k/a THE HOME DEPOT, a/k/a CREATIVE TOUCH INTERIORS INC., a/k/a THE HOME DEPOT SUPPLY BUILDER SOLUTIONS INC., and in support thereof states as follows:

1.    That on April 23, 2008, Plaintiff filed a Complaint at Law in this matter. A copy of the Complaint at Law is contained in the Court file and incorporated herein by reference.

2.    That on April 23, 2008, Dorothy A. Brown, Clerk of the Circuit Court of Cook County, Illinois, issued a Summons for service on Defendant, THE HOME DEPOT U.S.A, INC., a/k/a EXPO DESIGN CENTER, a/k/a THE HOME DEPOT, a/k/a CREATIVE TOUCH INTERIORS INC., a/k/a THE HOME DEPOT SUPPLY BUILDER SOLUTIONS INC.

3.      That Plaintiff will require the assistance of Investigative Research Consultants, Inc. (license number 118-000175) to locate said Defendants and effectuate service of process.

WHEREFORE, Plaintiff, ANTHONY AMATO, requests this Honorable Court enter an Order appointing Investigative Research Consultants, Inc. (license number 118-000175) as special process server in this matter to effectuate service on the Defendant, THE HOME DEPOT U.S.A, INC., a/k/a EXPO DESIGN CENTER, a/k/a THE HOME DEPOT, a/k/a CREATIVE TOUCH INTERIORS INC., a/k/a THE HOME DEPOT SUPPLY BUILDER SOLUTIONS INC..

By:    _____
                 Michael J. Goldberg

Whiting Law Group, Ltd.
One East Wacker Drive, Suite 2300
Chicago, IL 60601
(312) 372-1655
Firm I.D. 37395

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANTHONY AMATO,                              )
                                           )
            Plaintiff,                      )
                                           )
      vs.                                   )    No.    08 L 4411
                                           )
THE HOME DEPOT U.S.A, INC., a/k/a          )    Calendar 'A'
EXPO DESIGN CENTER, a/k/a                   )
THE HOME DEPOT, a/k/a                       )
CREATIVE TOUCH INTERIORS INC., a/k/a       )
THE HOME DEPOT SUPPLY BUILDER              )
SOLUTIONS INC.,                            )
                                           )
            Defendant.                      )

**F I L E D**
Law Div.-2202
APR 30 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### NOTICE OF ROUTINE MOTION

*(Defendants have yet to appear in this matter)*
TO:   Clerk of the Circuit Court
      Richard J. Daley Center
      Chicago, IL 60602


On April 30, 2008, at 8:45 A.M., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Quinn, Presiding in Courtroom 2202, usually occupied by him/her in the Daley Center, Chicago, Illinois and shall then and there appear and move this Honorable Court for leave to appoint a special process server to effectuate service on the Defendants.



WHITING LAW GROUP, LTD.
One East Wacker Drive, Suite 2300
Chicago, IL 60601
(312) 372-1655
Firm No. 37395

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ANTHONY AMATO,                           )
                                         )
      Plaintiff,                       )
                                         )
   vs.                                  )   No.    08 L 4411
                                         )
THE HOME DEPOT U.S.A, INC., a/k/a        )   Calendar 'A'
EXPO DESIGN CENTER, a/k/a                )
THE HOME DEPOT, a/k/a                     )
CREATIVE TOUCH INTERIORS INC., a/k/a )
THE HOME DEPOT SUPPLY BUILDER            )
SOLUTIONS INC.,                          )
                                         )
      Defendant.                       )

### O R D E R

     This cause coming on to be heard on motion of the Plaintiff, ANTHONY AMATO, by and through his attorneys, WHITING LAW GROUP, LTD., to appoint a Special Process Server to effectuate service of process in this matter; due notice having been given and the Court being fully advised in the premises;

     IT IS HEREBY ORDERED that Tom Kopecky of Investigative Research Consultants, Inc. (license number 118-000175) be appointed Special Process Server in this matter to effectuate service on the Defendant, THE HOME DEPOT U.S.A, INC., a/k/a EXPO DESIGN CENTER, a/k/a THE HOME DEPOT, a/k/a CREATIVE TOUCH INTERIORS INC., a/k/a THE HOME DEPOT SUPPLY BUILDER SOLUTIONS INC..

*4209*

JUDGE THOMAS P. QUINN

APR 30 2008

Circuit Court-238

DATE ENTERED

JUDGE

Michael J. Goldberg
WHITING LAW GROUP, LTD.
One East Wacker Drive, Suite 2300
Chicago, IL 60601
(312) 372-1655
Firm I.D. 37395

****** N O T I C E ******

CASE 08-L-004411

AMATO ANTHONY          v.          HOME DEPOT USA INC

THERE WILL BE A CASE MANAGEMENT CALL OF YOUR CASE ON WEDNESDAY
THE 20TH DAY OF AUGUST IN ROOM 2202 AT 9:30 A.M. AT THE
DALEY CENTER COURT HOUSE, 50 WEST WASHINGTON STREET, CHICAGO, IL

****** ATTENTION ******

ALL ATTORNEYS OF RECORD MUST APPEAR

3661/HD396 JPS/BSP                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| ANTHONY AMATO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No.    08 L 004411 |
| | ) | |
| HOME DEPOT USA, INC., a/k/a EXPO DESIGN | ) | |
| CENTER, a/k/a THE HOME DEPOT, a/k/a | ) | |
| CREATIVE TOUCH INTERIORS INC., a/k/a | ) | |
| THE HOME DEPOT SUPPLY BUILDER | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendants:

### HOME DEPOT USA, INC.

..................................................................................................................

***Defendants demand trial by jury.

*[signature]*

**JONATHAN P. SCHAEFER**

PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3405\Pleadings\Appear.doc

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

*[signature]*

Attorney for Defendant

3661/HD396 JPS/BSP                                              Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

ANTHONY AMATO,                              )
                                            )
            *Plaintiff,*                    )
                                            )
vs.                                         )        No.    08 L 004411
                                            )
HOME DEPOT USA, INC., a/k/a EXPO DESIGN     )
CENTER, a/k/a THE HOME DEPOT, a/k/a        )
CREATIVE TOUCH INTERIORS INC., a/k/a       )
THE HOME DEPOT SUPPLY BUILDER              )
SOLUTIONS, INC.,                            )
                                            )
            *Defendants.*                   )

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE</u>

NOW COMES the Defendant, HOME DEPOT USA, INC., by and through its

attorneys, Jonathan P. Schaefer for PURCELL & WARDROPE, CHTD., and hereby

responds to the Plaintiff's Complaint At Law, states as follows:

1.      The Defendant admits the allegations contained in paragraph 1.

2.      Upon information and belief, the Defendant admits the allegations

contained in paragraph 2.

3.      The Defendant denies the allegations contained in paragraph 3.

4.      The Defendant denies the allegations contained in paragraph 4.

5.      The Defendant denies the allegations contained in paragraph 5.

6.      The Defendant denies the allegations contained in paragraph 6.

7.      The Defendant denies the allegations contained in paragraph 7, and only

admits to those duties implied by law.

8.      The Defendant denies the allegations contained in paragraph 8, and

specifically denies the allegations contained in subparagraphs (a) – (g) there under.

9.    The Defendant denies the allegations contained in paragraph 9.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., respectfully prays that judgment be entered in its favor and against the Plaintiff, and that it be awarded reasonable costs, fees and expenses.

## FIRST AFFIRMATIVE DEFENSE

NOW COMES, the Defendant, HOME DEPOT USA, INC., and in further response to the Plaintiff's Complaint At Law, hereby states the following as its First Affirmative Defense:

1.    At the time and place alleged, the Plaintiff had a duty to himself and to others to act in a reasonably safe manner, so as to not cause himself any accident, injury or damages.

2.    At the time and place alleged, the Plaintiff breached said duty and proximately caused or contributed to his accident, injuries and/or damages, by committing one or more of the following careless and/or negligent acts and/or omissions:

a.    Improperly entered the receiving department when his presence was not necessary or needed in order for him to carry out his job duties;

b.    Failed to keep a safe and proper lookout for the open and obvious conditions of the promises;

c.    Improperly moved and/or re-located flatbed shopping carts;

d.    Improperly walked or moved himself while in the receiving department, so as to cause his accident, injury and/or damages.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that, if judgment is entered in favor of the Plaintiff and against the Defendant under the Plaintiff's Complaint At Law, said judgment be reduced by that percentage to which the

Plaintiff's owned comparative fault or negligence caused or contributed to the subject

accident, injuries and damges, and that judgment be entered in favor of the Defendant and

against the Plaintiff if it is deemed that the Plaintiff's own comparative fault or

negligence exceeded 50% of the total fault attributed to the subject incident.

Respectfully Submitted,

_____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street
Suite 1200
Chicago, Illinois 60603
(312)427-3900

3661/HD396 JPS/BSP                                          Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| ANTHONY AMATO, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | )    No.    08 L 004411 |
| | ) |
| HOME DEPOT USA, INC., a/k/a EXPO DESIGN | ) |
| CENTER, a/k/a THE HOME DEPOT, a/k/a | ) |
| CREATIVE TOUCH INTERIORS INC., a/k/a | ) |
| THE HOME DEPOT SUPPLY BUILDER | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| *Defendants.* | ) |

### INTERROGATORIES TO PLAINTIFF

NOW COMES the Defendant, HOME DEPOT U.S.A., INC., by its attorneys, PURCELL

& WARDROPE, CHTD., and propounds the following Interrogatories pursuant to Illinois

Supreme Court Rule 213 to be answered by the Plaintiff within twenty-eight (28) days upon

receipt hereof:

    1.    State your full name, age, date of birth, address and social security number.

**ANSWER:**

    2.    State the full names and addresses of each person who witnessed or claims to
have witnessed the occurrence alleged in your complaint.

**ANSWER:**

    3.    State the full name and address of each person not named (in 2) above who was
present or claims to have been present at the scene immediately before, at the time of, or
immediately after said occurrence.

**ANSWER:**

    4.    Describe in general the personal injuries sustained by you as a result of said
occurrence.

1

**ANSWER:**

5.    With regard to said injuries, state:

    a.    The name and address of each attending physician;
    b.    The name and address of each consulting physician;
    c.    The name and address of each person or laboratory taking an x-ray of you;
    d.    The date or inclusive dates on which each of them rendered you service;
    e.    The amounts to date of their respective bills for service; and,
    f.    From which of them do you have written reports?

**ANSWER:**

6.    As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the inclusive date of said service.

**ANSWER:**

7.    Please state the name and address of your *last* employer(s) at the time of the subject accident, and at the present. If you were unable to work as a result of said personal injuries allegedly sustained in the subject accident, please state the date or inclusive dates on which you were unable to work, the amount of wage or income loss claimed by you, and the name and address of the each employer from home you lost time and wages.

**ANSWER:**

8.    Has any person, insurance company other entity paid any bills or expenses as a result of this incident? If so, identify who paid said bills or expenses, state the amount paid by each such entity, and identify the bills and expenses paid.

**ANSWER:**

9.    Please state the total amount of damages being sought by the Plaintiff in this lawsuit, including specifically the nature of each element of her damages, and the amount of damages being claimed for each such element.

**ANSWER:**

10.    For each witness who will offer any opinion testimony at trial, please state the following:

    a.    The name and address of the witness;
    b.    The subject matter on which the opinion witness is expected to testify;

c.    The conclusions and opinions of the opinion witness and the bases thereof; and

d.    The qualifications of the opinion witness.

And provide all reports of the opinion witness.

**ANSWER:**

11.    During the five years immediately prior to the date of said occurrence, had you been treated by a physician, confined to a hospital, or x-rayed for any reason <u>other than personal injury</u>? If so, give the name and address of each such professional or facility, the approximate date of such service or confinement, and *state the reason for such service or confinement.*

**ANSWER:**

12.    Prior to the date of said occurrence, had you suffered <u>any</u> serious personal injury requiring medical treatment? If so, state when, where and in general how you were injured, describe the injuries suffered, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

13.    Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence? If so, for (a), state when, where and in general how you were injured, describe in general the injuries suffered, and provide the name and address of all medical facilities and professionals who provided you treatment; and for (b) state when you were ill, describe in general the illness, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

14.    Have you ever filed any other lawsuit or worker's compensation claim for your own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

15.    Were any photographs taken of the scene of the occurrence or of the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**

16.    Do you have statements or reports from any witness other than yourself? If so, give the name and address of each such witness, the date of said statement or report, and state whether such statement or report was written or oral.

**ANSWER:**

17.     Please state the name and address of every witness who will testify at trial, together with the subject of their testimony.

**ANSWER:**

18.     List the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

19.     Do you have any continuing complaints or disabilities of any kind resulting from the accident? If so, please state:

    a.  The nature and frequency of said complaint or disability; and,
    b.  What medical treatment you are receiving and/or what medication are you taking for this complaint or disability.

**ANSWER:**

20.     In regard to the "heavy duty flat bed shopping carts" referred to or referenced in your Complaint At Law, please state the following:

    a.  The number of shopping carts that were allegedly blocking the Plaintiff's access to the garbage chutes;
    b.  The number of such shopping carts which were moving or caused to move immediately before and/or at the time of the subject occurrence;
    c.  A description of why or by whom said shopping cart(s) were caused to move immediately before or at the time of the subject accident.
    d.  The number of shopping carts which the Plaintiff touched or moved on the date in question prior to the occurrence.
    e.  The reason why the Plaintiff could not wait for Home Depot employees to move any shopping carts which allegedly were blocking the Plaintiff's access to the garbage chutes.

**ANSWER:**

21.     Please state the reason why the Plaintiff entered the Defendant's store just prior to the incident, rather than perform his job duties solely from the outside of the building.

**ANSWER:**

4

Respectfully submitted,

By: _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\UPS\3661- Amato\Discovery\RogstoPlt.doc

3661/HD396 JPS/BSP

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

ANTHONY AMATO,                                )
                                              )
      *Plaintiff,*                          )
                                              )
vs.                                           )
                                              )    No.   08 L 004411
                                              )
HOME DEPOT USA, INC., a/k/a EXPO DESIGN        )
CENTER, a/k/a THE HOME DEPOT, a/k/a            )
CREATIVE TOUCH INTERIORS INC., a/k/a           )
THE HOME DEPOT SUPPLY BUILDER                  )
SOLUTIONS, INC.,                               )
                                              )
      *Defendants.*                        )

### <u>REQUEST TO PRODUCE</u>

NOW COMES the Defendant, HOME DEPOT USA, INC., a Delaware corporation,

through its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following

Request for Production of Documents, pursuant to Illinois Supreme Court Rule 214, to be

answered by the Plaintiff within twenty-eight (28) days from the date of service at the office of

the defendant for inspection and copying.

      1.     Any and all photographs of the alleged defective conditions, the "slab of wood", or of the subject premises, whether made prior to or after the plaintiff's accident.

      2.     Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

      3.     List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

      4.     Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

18.    All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

19.    Any report of any inspection of the premises or any shopping carts, or other alleged defective or dangerous condition of the premises where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

20.    Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

21.    Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

22.    All bills, invoices, canceled checks, letters, correspondence, notes, or other documentation referencing any cellular phone available for use by the Plaintiff on the date of the accident, including all statements for cellular phone service provided on the date of the occurrence.

23.    Any and all reports, medical records, bills, summaries or other records concerning any and all other injuries and illnesses suffered by the Plaintiff at any time, whether before or after the subject occurrence, which required medical treatment.

The term "accident" or "occurrence" as used in this request for production refers to the accident or occurrence outlined in the plaintiff's complaint.

The plaintiff is requested to make such production at the offices of Purcell & Wardrope, Chtd., 10 South LaSalle Street, Suite 1200, Chicago, Illinois.

Respectfully submitted,

By:    _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3661- Amato\Discovery\Req2Prod214.doc

3

3661/HD396 JPS/BSP                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

ANTHONY AMATO,                          )
                                        )
       *Plaintiff,*                      )
                                        )
vs.                                     )        No.    08 L 004411
                                        )
HOME DEPOT USA, INC., a/k/a EXPO DESIGN )
CENTER, a/k/a THE HOME DEPOT, a/k/a     )
CREATIVE TOUCH INTERIORS INC., a/k/a    )
THE HOME DEPOT SUPPLY BUILDER           )
SOLUTIONS, INC.,                        )
                                        )
       *Defendants.*                    )

## DEMAND FOR PRODUCTION PURSUANT
## TO SUPREME COURT RULE 237 & 213(e)

Now comes the Defendant, HOME DEPOT USA, INC., a Delaware corporation, by and

through its attorneys, PURCELL & WARDROPE, CHTD., and requests that the Plaintiff,

ANTHONY AMATO, produce at the time of arbitration and trial in the above case, and such

production to continue throughout the entire course of this lawsuit for arbitration and trial,

pursuant to 237 & 213(e), of the Rules of the Supreme Court of the State of Illinois, the

following persons and documents:

    1.    It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you
produce immediately upon commencement of the arbitration and upon assignment of this matter
for trial (unless otherwise herein indicated), and prior to the selection of the jury, the identity and
last known address of all persons and organizations in addition to those previously disclosed,
having knowledge of the facts relevant to this lawsuit.

    2.    It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
ANTHONY AMATO at the time of arbitration and trial for examination under 2-1102 of the
Illinois Code of Civil Procedure.

    3.    It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
immediately upon commencement of the arbitration and upon assignment of this matter for trial

(unless otherwise herein indicated), and prior to the selection of a jury, the following original documents or tangible things or copies of same if originals are not available:

a. Any and all photographs of the alleged defective conditions, the "slab of wood", or of the subject premises, whether made prior to or after the plaintiff's accident.

b. Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

c. List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

d. Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

e. A copy of any and all written communications received by you from this defendant relative to said accident or claim.

f. A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

g. All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

h. Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

i. Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

j. Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

k. Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

l. Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

m. Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

n. Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

o. Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages,

or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

p.  Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

q.  Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning *any and all prior and/or subsequent claims*, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

r.  All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

s.  Any report of any inspection of the premises or of the shopping carts, or other alleged defective or dangerous condition of the premises where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

t.  Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

u.  Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

v.  All bills, invoices, canceled checks, letters, correspondence, notes, or other documentation referencing any cellular phone available for use by the Plaintiff on the date of the accident, including all statements for cellular phone service provided on the date of the occurrence.

w.  Any and all reports, medical records, bills, summaries or other records concerning any and all other injuries and illnesses suffered by the Plaintiff at any time, whether before or after the subject occurrence, which required medical treatment.

Respectfully submitted,

By: _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3661- Amato\Discovery\Req2Prod237.doc

3

3661/HD396 JPS/BSP                                           Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

ANTHONY AMATO,                          )
                                        )
          *Plaintiff,*                  )
                                        )
vs.                                     )        No.    08 L 004411
                                        )
HOME DEPOT USA, INC., a/k/a EXPO DESIGN  )
CENTER, a/k/a THE HOME DEPOT, a/k/a     )
CREATIVE TOUCH INTERIORS INC., a/k/a    )
THE HOME DEPOT SUPPLY BUILDER           )
SOLUTIONS, INC.,                        )
                                        )
          *Defendants.*                 )

### NOTICE OF FILING

**TO:**    Michael J. Goldberg
           **WHITING LAW GROUP, LTD.**
           One East Wacker Drive – Suite 2300
           Chicago, Illinois 60601

          PLEASE TAKE NOTICE that on **June 4, 2008**, we filed with the Clerk of the Circuit Court of Cook County, Defendant *Home Depot USA, Inc.'s Appearance, Answer and Affirmative Defense, Interrogatories to Plaintiff, Rule 214 Request to Produce to Plaintiff, and Rule 237 Request to Produce to Plaintiff,* copies of which are attached hereto.

                              By:    _____
                                            Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\JPS\3661- Amato\Pleadings\NOF001.doc

### CERTIFICATE OF SERVICE

          I, Amy J. Kobel, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that copies of the foregoing documents were sent via fax and regular mail to the attorneys of record on June 4, 2008.

                              _____
                              Amy J. Kobel

3661/HD396 JPS/BSP                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
## COUNTY DEPARTMENT – LAW DIVISION

ANTHONY AMATO,                          )
                                        )
            *Plaintiff,*                )
                                        )
vs.                                     )       No.    08 L 004411
                                        )
HOME DEPOT USA, INC., a/k/a EXPO DESIGN  )
CENTER, a/k/a THE HOME DEPOT, a/k/a     )
CREATIVE TOUCH INTERIORS INC., a/k/a    )
THE HOME DEPOT SUPPLY BUILDER           )
SOLUTIONS, INC.,                        )
                                        )
            *Defendants.*               )

### NOTICE OF FILING

**TO:**    Michael J. Goldberg
           **WHITING LAW GROUP, LTD.**
           One East Wacker Drive – Suite 2300
           Chicago, Illinois 60601

    PLEASE TAKE NOTICE that on **June 6, 2008**, we filed with the Clerk of the Circuit Court of Cook County, Defendant *Home Depot USA, Inc.'s Notice of Removal,* a copy of which is attached hereto.

                        By:    _____
                                      Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\JPS\3661- Amato\Pleadings\NOF002(removal).doc

### CERTIFICATE OF SERVICE

    I, Amy J. Kobel, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed copies of this Notice and the foregoing referenced documents to the attorneys of record on June 6, 2008.

                        _____
                        Amy J. Kobel